IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COURTNEY C. CRENSHAW, | ) |
| Petitioner, | ) ) ) |
| vs. | )   Case No. 02-CV-919-JHP-PJC ) |
| MIKE MULLIN, | ) ) |
| Respondent. | ) ) |

## **OPINION AND ORDER**

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). He challenges his conviction entered in Tulsa County District Court, Case No. CF-1999-1706. Respondent filed a response (Dkt. # 3) to the petition, and has provided the state court records necessary for adjudication of Petitioner's claims. Petitioner filed a reply (Dkt. # 8) to Respondent's response. For the reasons discussed below, the Court finds the petition should be denied.

### *BACKGROUND*

On April 7, 1999, Petitioner Courtney C. Crenshaw shot and killed Artie Burton. Petitioner was 16 years old when he shot the 16 year old victim. After being shot, the victim called 911 before he died and identified Petitioner as the shooter. During an interview with police detectives, see Dkt. # 3, Ex. 8, Petitioner said he went to the victim's apartment, located at The Reserve, in Tulsa, Oklahoma, to talk about a dispute. He said he entered the apartment after knocking and kicking in the door. Id. He encountered the victim in a closet in the back bedroom. Id. When he saw that the victim had a pistol in his hand, he pulled his own pistol and shot the victim. Id. An undischarged handgun was found beneath the victim's body.

As a result of these events, Petitioner was charged in Tulsa County District Court, Case No. CF-1999-1706, with First Degree Murder and/or in the alternative, First Degree Felony Murder

(Count 1). See Dkt. # 3, Ex. 7. At the conclusion of the jury trial, Petitioner was found guilty of First Degree Felony Murder. The jury recommended a sentence of life imprisonment with the possibility of parole. Petitioner was 17 years old at the time of trial. On April 26, 2000, the trial court sentenced Petitioner in accordance with the jury's recommendation. Petitioner was represented during trial proceedings by attorneys Robert Stubblefield and John Harris.

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, he was represented by attorney Thomas Purcell. Petitioner identified five (5) propositions of error as follows:

> Proposition 1: The evidence was insufficient to support a conviction for First-Degree Felony Murder.
>
> Proposition 2: Courtney Crenshaw was convicted of a crime not charged.
>
> Proposition 3: The trial court erred by not suppressing Courtney Crenshaw's statement, as it was secured after he had invoked his right to counsel, and his subsequent statement was the result of coercion.
>
> Proposition 4: The trial court erred by failing to give the requested instruction on a trespasser's right to act in self defense.
>
> Proposition 5: Prosecutorial misconduct deprived Courtney Crenshaw of a fair trial.

(Dkt. # 3, Ex. 1). In an unpublished summary opinion, filed July 18, 2001, in Case No. F-2000-586, the OCCA denied each of Petitioner's claims and affirmed the Judgment and Sentence of the trial court. See Dkt. # 3, Ex. 3.

Petitioner also filed an application for post conviction relief in the state district court. See Dkt. # 3, Ex. 4. In his application, Petitioner raised the following claims:

> Proposition 1: The petitioner was denied the effective assistance of counsel when his attorney failed to timely inform him of a plea bargain offer which was made by the State.

> Proposition 2: The petitioner was denied the effective assistance of appellate counsel on direct appeal due to counsel's failure to make reasonable investigation and discover that defense counsel failed to timely inform Petitioner of plea bargain offer, and present issue of defense counsel's ineffectiveness in direct appeal.

By Order filed on August 20, 2002 (Dkt. # 3, Ex. 5), the district court denied relief. Petitioner filed a post-conviction appeal in the OCCA. He raised three (3) claims, as follows:

> Proposition 1: The district court erred in finding his ineffective assistance of counsel claim barred by *res judicata*.
>
> Proposition 2: The district court erred in failing to fully adjudicate the claim of ineffective assistance of appellate counsel and make specific findings of fact and conclusions of law with regards to the specific claim.
>
> Proposition 3: The district court erred in failing to conduct an evidentiary hearing on the claim of ineffective assistance of counsel.

See Dkt. # 3, Ex. 6. By order filed November 13, 2002 (Dkt. # 3, Ex. 6), the OCCA affirmed the district court's denial of post-conviction relief.

On December 9, 2002, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner seeks habeas corpus relief on the following grounds:

> Ground 1: The petitioner was denied due process where he was convicted upon insufficient evidence.
>
> Ground 2: The petitioner was denied due process when he was convicted of a crime not charged.
>
> Ground 3: The petitioner was deprived of his right to remain silent during custodial interrogation.
>
> Ground 4: The petitioner was denied both due process and equal protection of law where the trial court failed to give his requested instruction on a trespasser's right to act in self defense.
>
> Ground 5: The petitioner was deprived of a fair trial due to prosecutorial misconduct.
>
> Ground 6: The petitioner was denied effective assistance of counsel when his attorney

>           failed to timely inform him of a plea bargain offer which was made by the state.
>
> Ground 7:  The petitioner was denied the effective assistance of appellate counsel when appellate counsel failed to conduct a minimal investigation to determine whether or not plea bargaining occurred in the case, discover that the state made a potentially favorable plea bargain offer to defense counsel and defense counsel rejected the offer without first communicating it to Petitioner and consulting with Petitioner about the decision, and present a claim of ineffective assistance of counsel on direct appeal.

(Dkt. # 1). Respondent contends that the issues raised by Petitioner are either procedurally barred or without merit. See Dkt. # 3.

By Order filed March 22, 2007 (Dkt. # 12), the Court determined that Petitioner's claim of ineffective assistance of counsel for failure to inform him of a plea offer was not procedurally barred as asserted by Respondent. The Court further found that it was necessary to hold an evidentiary hearing to resolve the claim. Attorney Kevin Adams entered his appearance on behalf of Petitioner and an evidentiary hearing was held on May 23, 2007. Following the hearing, the parties filed briefs addressing the issue of ineffective assistance of counsel. See Dkt. #s 31, 32, and 33.

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case.

As indicated above, the Court held an evidentiary hearing on Petitioner's claim of ineffective assistance of trial counsel. The Court finds that Petitioner is not entitled to an evidentiary hearing on his remaining claims. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Ineffective assistance of trial and appellate counsel (grounds 6 and 7)**

As the sixth proposition of error identified in his petition, Petitioner alleges, as he did in his state post-conviction proceeding, that the State made a plea offer but his attorney failed to inform him of it and failed to allow him to make the decision whether to accept or reject it. See Dkt. # 1 at 7E. Petitioner provides the following statement of facts in support of his claim:

> Approximately two weeks before the start of Petitioner's jury trial, Petitioner was visited by one [of] his attorneys, Robert Stubblefield, at the David L. Moss Detention Center, to discuss the upcoming trial. After discussion on the trial ended, the petitioner asked Stubblefield if the prosecutor had made any plea offers, to which Stubblefield responded "no." The petitioner then told Stubblefield "that it seems like the D.A. would make some kind of offer because he knows that Artie had a gun aimed at me and that I pulled my gun and started firing out of fear for my own life." The petitioner further stated "the D.A. knows that I didn't intend to kill Artie so he should be willing to let me plead to a lesser crime than First degree Murder." At that point, Stubblefield told Petitioner that not long after the preliminary hearing the D.A. had approached him with an offer to let Petitioner plead guilty to manslaughter in exchange for a lot of years. He further told Petitioner that he, "Stubblefield," told the D.A. that "we weren't interested." Petitioner then asked Stubblefield "how many years the D.A. had offered for the manslaughter plea," to which Stubblefield replied "I can't recall the exact number but it was quite a few." Petitioner then asked Stubblefield why he had never told him about the deal, to which Stubblefield replied that "at the time I didn't think it was a good deal. I thought I could get you a lighter sentence." Petitioner then asked Stubblefield "what happened with trying to get me a lighter sentence?" Stubblefield then told Petitioner, "I've spoken to the D.A. about it, but he don't (sic) want to deal because he have (sic) some new evidence that he believes strengthens the murder case against you." Petitioner then asked Stubblefield to "go talk to the D.A. to find out how many years was offered for the plea, and find out if the offer is still on the table." Stubblefield then explained to Petitioner his belief that it would be futile to go to the D.A. because it was too close to the trial, the D.A. was prepared for the trial, and that the D.A. believed he could secure a conviction for First Degree Murder on the basis of some new evidence.

(Dkt. # 1 at 7E-7F; see also Dkt. # 8, Ex. 5 "Sworn Affidavit" of Courtney Cordell Crenshaw).

By previous Order (Dkt. # 12), the Court rejected Respondent's contention that this claim is procedurally barred and determined that Petitioner was entitled to an evidentiary hearing on his ineffective assistance of counsel claim as he had identified numerous factual issues which are not contravened by the existing factual record, and which, if proven, may entitle him to habeas relief.

Attorney Kevin Adams entered his appearance (Dkt. # 13) on behalf of Petitioner. At the evidentiary hearing held May 23, 2007, the Court heard testimony from Petitioner; from Robert Stubblefield, Petitioner's trial counsel; and from Mark Collier, the prosecutor for Petitioner's case.

After carefully considering the evidence presented at the evidentiary hearing, the Court finds Petitioner has failed to demonstrate that counsel performed deficiently. To establish ineffective assistance of counsel a petitioner must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A petitioner can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

State and federal courts applying the Strickland standard in cases analogous to this case have consistently held that counsel's failure to convey meaningfully a plea offer to the defendant is inconsistent with prevailing professional norms. See e.g., United States v. Blaylock, 20 F.3d 1458, 1465-66 (9th Cir. 1994) (citing cases); United States v. Barentine, 908 F.2d 968 (4th Cir. 1990) (unpublished) (citing cases and stating that "federal courts have been unanimous in finding [defense counsel's failure to inform the defendant of a plea offer] constitutes a violation of the defendant's Sixth amendment constitutional right to effective assistance of counsel"); Jiminez v. State, 144 P.3d 903 (Okla. Crim. App. 2006). In addition, the ABA Standards of Criminal Justice provide in relevant part,

> (a) Defense counsel should keep the defendant advised of developments arising out of plea discussions conducted with the prosecuting attorney, and should promptly communicate and explain to the defendant all plea offers made by the prosecuting attorney.
>
> * * *
>
> (c) Defense counsel should conclude a plea agreement only with the consent of the defendant, and should ensure that the decision whether to enter a plea of guilty or nolo contendere is ultimately made by the defendant.

ABA III, Standards of Criminal Justice, 14-3.2 (3d ed. 1999). Under Strickland, the ABA standards are only to provide guidance. Strickland, 466 U.S. at 688. Nonetheless, the cited standards support the conclusion that, accepting Petitioner's allegations as true, trial counsel performed deficiently in failing to communicate the State's plea offer to Petitioner in a timely manner.

Furthermore, a defendant can establish prejudice by demonstrating "a reasonable probability that the defendant would have accepted the offer if it had been timely communicated." People v. Perry, 68 P.3d 472, 477 (Colo. App. 2002) (citing Blaylock, 20 F.3d at 1466-67, and United States ex rel. Caruso v. Zelinsky 689 F.2d 435 (3d Cir. 1982)). Petitioner states in this case that "there is a reasonable probability that he would have accepted the offer when it was made and, thus, been

convicted of a lesser charge and received a more favorable sentence." (Dkt. # 1 at 7F).

At the evidentiary hearing, held May 23, 2007, Petitioner failed to present evidence supporting his claim that the State made a plea offer. Although Petitioner testified that his attorney told him about two (2) weeks before trial that the prosecutor had offered "manslaughter in exchange for a lot of years," see Dkt. # 30, Trans. Evid. Hr'g, at 14-17, his attorney, Robert Stubblefield, testified that he did not recall the conversation described by Petitioner, see id. at 45. Mr. Stubblefield also testified that the District Attorney, Mr. Collier, was "rude," "hard-nosed," and "extremely hard to deal with" and was adamant that he wanted to try the case. Id. at 45, 47. According to Mr. Stubblefield, the only offer he recalls being made by the State was an offer of life. Id. at 45. Mr. Stubblefield also testified that he has practiced criminal defense law since 1968, id. at 43, and that he was well aware of his ethical obligation to communicate any plea offer to his client, id. at 46. Had the State offered anything other than life, "we would have jumped on it immediately." Id. at 49.

Mr. Collier testified that Petitioner's case was the last case he tried as a prosecutor. Id. at 51. Although he could not testify that he did not make the offer described by Petitioner, he testified that he was a "hard-ass" prosecutor, especially in murder cases, and, as a result, he did not think he offered anything less than life in Petitioner's case. Id. at 64, 66, 67. He also testified that it was his practice to memorialize any plea offer on the inside of the file jacket. Id. at 62-63. The file jacket for Petitioner's case had no plea offer written on it. Id. at 62-63, 68.

Upon careful review of the evidence presented at the May 23, 2007, hearing, the Court finds Petitioner has failed to offer any evidence, other than his own testimony, supporting the contention that a plea offer was made. The Court finds it particularly significant that no plea offer was memorialized on the inside of the file jacket. In addition, in light of the strength of the evidence

against Petitioner, including his confession and the transcript of the 911 call placed by the victim as he lay dying from his wounds, the Court is not persuaded that any new evidence acquired by the prosecution, purportedly a letter written by Petitioner stating that the victim "deserved it," see Dkt. # 30, Trans. Evid. Hr'g at 26-27, was enough to cause the District Attorney to withdraw the alleged plea offer, as argued by Petitioner. As Petitioner has failed to point to any evidence supporting the existence of a plea agreement offered by the prosecution, the Court finds he has failed to demonstrate that his trial counsel performed deficiently. Therefore, Petitioner has failed to satisfy the deficient performance prong of the Strickland standard and the Court concludes that he is not entitled to habeas corpus relief on his claim of ineffective assistance of trial counsel for failure to communicate a plea offer made by the prosecution.

As his seventh ground of error, Petitioner asserts that he was denied effective assistance of appellate counsel because his appellate attorney failed to raise a claim on direct appeal alleging that trial counsel provided ineffective assistance in failing to communicate a plea offer.[1] In evaluating Petitioner's claim of ineffective assistance of appellate counsel, this Court applies the Strickland two-pronged standard used for claims of ineffective assistance of trial counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir.

---

[1] The OCCA considered and rejected this claim on the merits as part of Petitioner's post-conviction appeal. According to the OCCA, "Petitioner has not established that appellate counsel was ineffective for failing to assert an issue that was not raised or preserved during trial proceedings. Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674, 693, 698 (1984). Petitioner offers nothing to support the assertion that any plea agreement was ever actually offered, and thus has not created a material issue of fact. 22 O.S.2001, §§ 1083-84." See Dkt. # 3, Ex. 6.

1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing Cook, 45 F.3d at 392-93). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394.

The Court has determined above that Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of trial counsel in failing to communicate a plea offer made by the State. Petitioner failed to present any evidence indicating that the State in fact made a plea offer. Because Petitioner is not entitled to relief on his underlying claim of ineffective assistance of trial counsel, appellate counsel did not provide ineffective assistance in failing to raise the claim. Petitioner is not entitled to habeas relief on his claim of ineffective assistance of appellate counsel.

**C. Claims adjudicated by the OCCA on direct appeal**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v.

Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated grounds 1, 2, 3, 4, and 5 on direct appeal. Therefore, to the extent Petitioner's claims are cognizable in a federal habeas corpus proceeding, those claims shall be reviewed pursuant to § 2254(d).

### *1. Sufficiency of the evidence (claim 1)*

As his first ground of error, Petitioner challenges the sufficiency of the evidence supporting his conviction of First Degree Felony Murder. Specifically, Petitioner argues that there was insufficient evidence supporting the underlying felony, burglary, with the intent to commit the crime of malicious mischief. See Dkt. # 1.

The OCCA adjudicated this claim as part of Petitioner's direct appeal. As stated above, a writ of habeas corpus will not be issued on a claim adjudicated on the merits by a state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). In addition, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001). Under either standard, Petitioner's claim in this case fails.

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

In this case, Petitioner alleges that the State failed to prove that he entered the victim's home with the "intent then and there to commit the crime of malicious mischief." See Dkt. #s 1, 8 at 4. On direct appeal, the OCCA rejected this claim, finding "that the evidence, both direct and circumstantial, when viewed in a light most favorable to the State, was sufficient evidence for any rational trier of fact to have found the essential elements of the crime charged beyond a reasonable doubt." (Dkt. # 3, Ex. 3). The Court finds that Petitioner is not entitled to habeas corpus relief under § 2254(d). The jury heard evidence that Petitioner gained entrance to the apartment by kicking in the door. See Dkt. # 3, Tr. Trans. Vol. IV at 34-35, 39, 43, 102-105. Petitioner admitted to police that he went to the apartment while armed with a loaded handgun "to talk about a dispute" he had with the victim. Id., at 102-105. He also admitted that he knew the victim was in the apartment when he

kicked in the door. The jury also heard testimony suggesting that Petitioner was upset over the harassment of his disabled brother by the victim earlier in the day, see id. at 169-70. A reasonable jury could infer from Petitioner's conduct of kicking in the door while armed with a handgun that Petitioner's intent was not to have a peaceful discussion with the victim. Instead, the circumstantial and direct evidence reflect an intent to fight with the victim. After viewing the evidence in a light most favorable to the prosecution, the Court finds a reasonable jury could have found proof of Petitioner's guilt beyond a reasonable doubt of First Degree Felony Murder, the underlying felony being burglary, with the intent to commit the crime of malicious mischief. Therefore, the OCCA's rejection of this claim was not an unreasonable application of Jackson. Petitioner is not entitled to habeas corpus relief on his challenges to the sufficiency of the evidence.

### 2. *Convicted of crime not charged (ground 2)*

As his second ground of error, Petitioner contends that he was convicted of a crime not charged. In support of this claim, Petitioner argues that "the prosecutor encouraged the jury to find him guilty of a crime not charged, i.e., 'felony murder during the commission of illegally carrying a loaded firearm into somebody else's home.'" (Dkt. # 1). As part of Petitioner's direct appeal proceeding, the OCCA held that "Appellant was properly charged by Information and that the jury was properly instructed in accordance with the law. We find that the prosecutor's comments did not cause the jury to disregard their instructions." (Dkt. # 3, Ex. 3 at 2).

The information in this case charged Petitioner with Murder in the First Degree, or, in the alternative, First Degree Felony Murder. The underlying felony was First Degree Burglary, by forcibly entering the victim's dwelling with the intent to commit malicious mischief. See Dkt. # 3, Ex. 7. Petitioner complains that comments made by the prosecutor during his rebuttal closing

argument served to introduce a new charge, felony murder, with the underlying felony being first degree burglary by breaking into the victim's dwelling while carrying a firearm. See Dkt. #s 1, 8. However, during the defense's closing argument, counsel for Petitioner argued that Petitioner did not enter the victim's apartment with the intent to commit a crime. In response, the prosecutor made the comments complained of by Petitioner. After reviewing the record, the Court finds that the prosecutor's comments were made in response to defense counsel's attempts to discredit the evidence, and were directed to the fact that Petitioner broke into the victim's apartment while armed with a loaded firearm reflecting his intent to commit malicious mischief. The prosecutor's comments did not serve to alter the crime charged and did not infect the trial to the extent that it was rendered fundamentally unfair. See Trice v. Ward, 196 F.3d 1151, 1167 (10th Cir. 1999). The Court finds Petitioner has failed to demonstrate that the OCCA's resolution of this claim was contrary to or an unreasonable application of federal law as determined by the United States Supreme Court. As a result, he is not entitled to habeas corpus relief on this claim.

### 3. *Right to remain silent (ground 3)*

As his third ground of error, Petitioner claims that the trial court erred by not suppressing his statement to police, as it was secured after he had invoked his right to counsel, and his subsequent statement was the result of coercion. The OCCA rejected this claim on direct appeal, citing Ullery v. State, 988 P.2d 332, 342-43 (Okla. Crim. App. 1999), and finding that Petitioner "reinitiated the conversation with the police in a voluntary manner and he voluntarily waived his right to counsel before making a statement to police." (Dkt. # 3, Ex. 3 at 2).

In Edwards v. Arizona, 451 U.S. 477, 484-85 (1981), the Supreme Court held that "an accused, . . . having expressed his desire to deal with the police only through counsel, is not subject

14

to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." The *Edwards* rule is violated "[i]f police initiate subsequent contact without the presence of counsel," and any statements made by the accused in that situation "will be presumed involuntary, even where his statements would otherwise be deemed voluntary under traditional standards." Pickens v. Gibson, 206 F.3d 988, 994 (10th Cir. 2000). If, however, the accused initiates further communication with the police, the *Edwards* rule is not violated, and the question then becomes simply whether the accused knowingly and intelligently waived his rights to counsel and to silence. Oregon v. Bradshaw, 462 U.S. 1039, 1045-46 (1983); see also Toles v. Gibson, 269 F.3d 1167, 1181-82 (10th Cir. 2001).

In the instant case, the OCCA determined that Petitioner voluntarily reinitiated conversation with the police and voluntarily waived his right to counsel before making his statement to police. Those factual findings by the OCCA are presumed to be correct under 28 U.S.C. § 2254(e)(1), and Petitioner has to present clear and convincing evidence in order to rebut the presumption of correctness. The Court finds Petitioner has failed to come forward with evidence sufficient to overcome that presumption. As a result, he is not entitled to habeas corpus relief on this claim.

### *4. Instruction on trespasser's right to act in self-defense (ground 4)*

As his fourth ground of error, Petitioner claims that the trial court erred by failing to give the requested instruction on a trespasser's right to act in self defense. The OCCA rejected this claim on direct appeal, finding that

> there was no evidence that Appellant was a mere trespasser under Oklahoma law. 21 O.S.1991, § 1835. Furthermore, if he were a mere trespasser, there was no evidence that Appellant was repelling an unlawful attack, or that he made any attempt to avail himself of every reasonable means of retreat. 21 O.S.Supp.1996, § 1289.25; *Walston v. State*, 597 P.2d 768, 770-71 (Okla. Cr. 1979). Therefore, the instructions relating to a trespasser's right to self defense were not required.

15

(Dkt. # 3, Ex. 3 at 2-3).

"As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial."). Thus, the burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" Maes, 46 F.3d at 984 (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)).

The OCCA determined that the requested self-defense instruction was not warranted under the facts of the case as there was no evidence that Petitioner was repelling an unlawful attack, or that he made any attempt to avail himself of every reasonable means of retreat. Petitioner has failed to demonstrate that the failure to give an instruction on a trespasser's right to act in self-defense rendered his trial fundamentally unfair, or that the OCCA's determination was contrary to, or an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d)(1 and 2). Accordingly, Petitioner's fourth ground for relief is denied.

### 5. *Prosecutorial misconduct (ground 5)*

As his fifth proposition of error, Petitioner complains that prosecutorial misconduct deprived him of due process of law and resulted in an unfair trial. See Dkt. # 1. Specifically, Petitioner

complains that during closing argument, the prosecutor attacked defense counsel and appealed to the jury for sympathy for the victim's mother.  The record reflects that defense counsel objected to both comments, the objections were sustained, and the jury was admonished to disregard the statements. See Dkt. # 3, Tr. Trans. Vol. IV at 241-42, 250. On direct appeal, the OCCA rejected Petitioner's claim of prosecutorial misconduct, citing Bland v. State, 4 P.3d 702, 730 (Okla. Crim. App. 2000), and concluding that "objections to the two instances of prosecutorial misconduct claimed by Appellant were sustained by the trial court and the jury was admonished to disregard the statements. We find that the admonition cured the error and did not affect the jury verdict." (Dkt. # 3, Ex. 3 at 3).

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998).  Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings.  Donnelly, 416 U.S. at 643.  "To view the prosecutor's [conduct] in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's [conduct] plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

After reviewing the entire trial transcript, this Court finds that the OCCA's rejection of this claim was not an unreasonable application of constitutional law.  In light of the evidence presented in this case, the Court finds no reasonable probability that the verdict would have been different without the prosecutor's comments. Furthermore, although the OCCA did not cite federal law in its

ruling on this issue, the Tenth Circuit has recognized that the OCCA's longstanding position that a trial court's admonition usually cures any error is not in conflict with the standard established by federal law.  Patton v. Miller, 425 F.3d 788, 800 (10th Cir. 2005).  Federal law provides that there is a presumption "that a jury will follow an instruction to disregard inadmissible evidence unless there is an overwhelming probability that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be devastating to the defendant." See Greer v. Miller, 483 U.S. 756, 766 n. 8 (1987). Based upon the facts of this case, the Court agrees that the alleged improper comments by the prosecutor during closing argument were cured by the immediate objection and admonishment given by the trial court to the jury. The Court concludes that the proceedings against Petitioner were not rendered fundamentally unfair by prosecutorial misconduct Pursuant to § 2254(d), habeas corpus relief on this claim shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 1) is **denied**. Any pending motion is **declared moot**.

DATED THIS 13th day of December 2007.

/s/ James H. Payne
James H. Payne
United States District Judge
Northern District of Oklahoma